**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHARIE OWENS,

        Petitioner,                     Case Number: 2:11-CV-10002
                                                              HONORABLE LAWRENCE P. ZATKOFF

v.

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Sharie Owens' *pro se* petition for a writ of habeas corpus. Petitioner, currently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan, challenges her convictions for second-degree murder and possession of a firearm during the commission of a felony on the following grounds: (i) sufficiency of the evidence; (ii) prosecutorial misconduct; (iii) ineffective assistance of counsel; and (iv) cumulative effect of errors denied right to fair trial. The Court denies habeas relief and denies a certificate of appealability.

**I. Background**

The Michigan Court of Appeals provided a factual overview of the case, which is presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), aff'd. 41 F. App'x 730 (6th Cir. 2002), as follows:

> Defendant was convicted of fatally shooting her boyfriend during an argument. Evidence revealed that the victim was shot four times while inside defendant's house. He had multiple abrasions and lacerations on his face and neck, but he had no offensive or defensive wounds on his hands or arms that would indicate a struggle. Some of the facial injuries were non-hemorrhagic, indicating that they were inflicted shortly after the victim died. The victim had a high blood-alcohol

level when he died. The police were not contacted until several hours after the victim died. When the police arrived at defendant's house, they observed the victim's body lying on the floor by the front door, but there were no signs of a struggle. Defendant's brother and sister had never seen defendant carry a gun, and defendant's brother did not feel a gun when he wrestled with defendant earlier on the day of the shooting.

Defendant testified that she shot the victim in self-defense. She explained that the two of them got into an argument that evolved into a physical fight. According to defendant, the victim at one point produced a gun and pointed it at her, but she was able to knock it out of his hand. The two of them then began fighting, during which she kicked, punched, and scratched him, and during which the victim threatened to kill defendant and her child. Defendant explained that she saw the gun on the floor, picked it up, and shot the victim. According to defendant, the victim was laughing, again threatened to kill her, and began coming after her, so she shot him again. He still tried to come after her after that, so she shot him yet again. Defendant admitted shooting the victim three or four times. Although defendant believed that the victim was dead, she did not immediately contact the police. She eventually drove to the police station to report what happened. But she appeared disoriented when she arrived, and it took her approximately 40 minutes to disclose what happened.

*People v. Owens*, No. 288668, 2010 WL 1565566, *1 (Mich. Ct. App. Apr. 20, 2010).

## II. Procedural History

Petitioner was convicted by a jury in Wayne County Circuit Court of second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b(1). On September 22, 2008, she was sentenced to 25 to 45 years in prison for the murder conviction, to be served consecutively to two years in prison for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. She raised these claims:

I. Once the defendant presents evidence she acted in self-defense, the prosecution must prove that she did not act in self-defense. The prosecution presented no evidence showing that Ms. Owens' belief that she was in imminent danger of being killed was not honest and reasonable. Was the evidence presented at Ms. Owens' trial sufficient to convict her of second-degree murder?

II. A substantial level of premeditation and deliberation is required for first-degree

       premeditated murder, and an essential element of second-degree murder is one of three states of mind. The evidence at Ms. Owens' trial was conjecture camouflaged as evidence of premeditation, deliberation and the three states of mind required for second degree murder. Was the evidence presented at Ms. Owens' trial sufficient to convict her of either first or second degree murder?

III.    Prosecutors cannot appeal to a jury's civic duty in closing argument. Ms. Owens' prosecutor appealed to the jury's sense of civic duty when he warned them to "beware of the false claim of domestic violence" because it minimizes "the ones that are really telling the truth," when the issue they were supposed to decide was whether Ms. Owens' committed first degree murder. Did this argument deny Ms. Owens a fair trial?

IV.    When the prosecution uses portions of a statement, the defense can require the jury to hear the entire statement to put the prosecution's excerpts into context. After being denied the opportunity to elicit Ms. Owens' statement through Officer Smith, defense counsel did not ask that the jury hear Ms. Owens' entire statement after the prosecution used excerpts during her cross-examination. Was that failure ineffective assistance of counsel?

V.    The cumulative effect of several minor errors may warrant reversal even where individual errors in the case would not. Ms. Owens has raised two errors apart from evidence sufficiency in this appeal. Even if those errors individually are not reversible error did their cumulative effect create such an atmosphere of unfairness to mandate reversal?

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Owens*, No. 288668, 2010 WL 1565566 (Mich. Ct. App. Apr. 20, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the court of appeals. The Michigan Supreme Court denied leave to appeal. *People v. Owens*, 488 Mich. 856 (Mich. Sept. 9, 2010).

Petitioner then filed this habeas petition. She raises the same claims raised in state court. Respondent has filed an answer in opposition.

### III. Standard

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as

4

'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) *(*citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### IV. Discussion

#### A. Sufficiency of the Evidence

Petitioner's first and second claims challenge the sufficiency of the evidence presented to sustain her second-degree murder conviction. She argues that, after she presented evidence that she acted in self-defense, the prosecution failed to disprove the defense of self-defense beyond a reasonable doubt. She further argues that the prosecution failed to present sufficient evidence to establish beyond a reasonable doubt each element of the offense of second-degree murder.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), *citing Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, *citing Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a

petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

Under Michigan law, self-defense is available only if the defendant "honestly and reasonably believes that [s]he is in imminent danger of death or great bodily harm and that it is necessary for [her] to exercise deadly force." *People v. Riddle*, 467 Mich. 116, 119, 649 N.W.2d 30, 34 (2002). Where a defendant raises a claim of self-defense and supports the claim with some evidence, the prosecution bears the burden of negating the defense beyond a reasonable doubt. *See People v. Reese*, 491 Mich. 127, 155–56, 815 N.W.2d 85, 101 (2012).

The Michigan Court of Appeals held that the prosecution presented sufficient evidence to disprove beyond a reasonable doubt Petitioner's self-defense claim, explaining, in a well-reasoned opinion:

> Evidence was presented that the victim was intoxicated to such a degree that he was barely able to stand up. Although defendant claimed that she and the victim were involved in a physical struggle, no signs of a struggle were observed inside defendant's house, and the victim did not have any offensive or defensive injuries on his hands or arms. Defendant also was uninjured. Moreover, witnesses denied that the victim carried a gun. Viewed in a light most favorable to the prosecution, a reasonable jury could have found beyond a reasonable doubt that defendant's self-defense claim was not credible.
>
> Furthermore, even accepting defendant's testimony that the victim produced a gun, defendant testified that she knocked the gun out of the victim's hand, and he did not try to pick it up. Instead, she attacked him, fought with him, and pushed him to the ground. Defendant then picked up the gun and shot him. The jury could have found that the victim did not pose an imminent threat of death or great bodily harm to defendant after she recovered the gun, particularly considering the victim's intoxicated state. Moreover, a reasonable jury could have found defendant's testimony that the victim continued to come after her after she shot him the first and second times was not credible considering the nature of the victim's gunshot wounds. In sum, the evidence was sufficient to enable the jury to reject defendant's self-defense claim beyond a reasonable doubt.

*Owens*, 2010 WL 1565566 at *2.

Having reviewed the record, the Court finds that the prosecution presented plentiful evidence which, if believed by the jury, proved beyond a reasonable doubt that Petitioner did not have an actual and reasonable fear that the use of deadly force was necessary. Petitioner's sister, Cassina Culture, testified that on the night of the shooting she heard a one-sided argument between Petitioner and the victim. Petitioner was angry with the victim, but he remained calm. Shortly before he was killed, the victim called his brother, Brandon Long, to ask for a ride home from Petitioner's home. The victim stated he needed a ride because Petitioner had messed up his face. Petitioner delayed several hours in reporting the shooting to police and when she did showed no signs of having been involved in a physical altercation. Considering this evidence and according the state court's findings of fact a presumption of correctness, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to rebut beyond a reasonable doubt the claim of self-defense did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

Petitioner also claims that insufficient evidence was presented to sustain her second-degree murder conviction. Under Michigan law, the elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. *People v. Goecke*, 579 N.W.2d 868, 878 (Mich. 1998). The malice element is satisfied "by showing that the defendant possessed the intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with the knowledge that death or great bodily harm would be the probable result. . . . Malice can be inferred from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm." *People v. Djordjevic*, 584 N.W.2d 610, 612 (Mich. Ct.

8

App. 1998) (internal citation omitted).

Petitioner admitted at trial that she shot the victim. Under state law, the malice element could be inferred from her use of a gun. In addition, the number of times the victim was shot, that Petitioner suffered no injuries, and that Petitioner was said to have been angry with the victim earlier in the evening, could lead a reasonable juror to find beyond a reasonable doubt that Petitioner's actions lacked justification or excuse. The Michigan Court of Appeals' decision that sufficient evidence was presented for a finding of guilty of second-degree murder did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

Finally, Petitioner argues that insufficient evidence of premeditation or deliberation was presented to support the submission of a first-degree murder charge to the jury. Some courts have held that submission to the jury of a charge not supported by sufficient evidence is harmless error where the defendant is acquitted of that charge. *See Howard v. United States,* 389 F.2d 287, 292 (D.C. Cir. 1967); *United States v. Alexander*, 471 F.2d 923, 966 (D.C. Cir. 1972). The Sixth Circuit Court of Appeals, however, has yet to directly address this question. *See Daniels v. Burke*, 83 F.3d 760, 765 n.4 (6th Cir. 1996). In *Daniels*, the petitioner argued that his right to due process was violated when the trial court allowed a first-degree murder charge to be submitted to the jury. The petitioner argued that there was no justification for submission of that charge, and, even though he was acquitted of first-degree murder, he suffered prejudice because the conviction for second-degree murder may have been a compromise verdict. *Id.* at 765. The Sixth Circuit Court of Appeals held that it need not address whether to apply the harmless error rule based upon the petitioner's acquittal

9

of that charge because sufficient evidence from which to conclude that the petitioner was guilty of first-degree murder was presented, and, the petitioner's due process claim, therefore, was meritless *Id.*

In this case, the Michigan Court of Appeals held that sufficient evidence was presented to support submission of the first-degree murder charge to the jury, stating, in pertinent part:

> To convict a defendant of first-degree premeditated murder, the prosecution must prove that the defendant acted with premeditation and deliberation. *People v. Anderson*, 209 Mich. App. 527, 537, 531 N.W.2d 780 (1995). "To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem." *People v. Furman*, 158 Mich. App. 302, 308, 404 N.W.2d 246 (1987). Both "characterize a thought process undisturbed by hot blood." *Id.* "Premeditation and deliberation require sufficient time to allow the defendant to take a second look." *Anderson*, 209 Mich. App. at 537, 531 N.W.2d 780. Premeditation may be inferred from all the facts and circumstances, including the relationship between the parties, the circumstances of the killing itself, and defendant's conduct before and after the murder. *Id.*; *Furman*, 158 Mich. App. at 308, 404 N.W.2d 246. Premeditation can also be inferred from the type of weapon used and the location of the wounds. *People v. Berry* (On Remand), 198 Mich. App. 123, 128, 497 N.W.2d 202 (1993).
>
> As discussed previously, the evidence in this case supported an inference that the victim was so intoxicated that he was barely able to stand. There was no evidence of a struggle in defendant's house, and the victim had no offensive or defensive injuries on his arms and hands. Although defendant claimed that the victim had a gun, she stated that she knocked it out of his hand and he did not try to pick it up. Defendant, however, pushed the victim over and picked up the gun. Even accepting defendant's testimony that it was the victim who produced the gun, viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found that after defendant disarmed the victim and acquired control of the gun, she had an opportunity to consider her planned course of action, *i.e.*, to take a "second look," before firing the first shot. Further, the jury could have inferred from defendant's own testimony that after she shot the victim the first time, she had additional time to measure and evaluate her actions before shooting him again. Also, defendant did not check to see if the victim was dead, or call for help. She disposed of all but one of the spent casings and waited approximately four hours before driving to the police station. She then delayed another 40 minutes before disclosing what happened. Viewed in a light most favorable to the prosecution, a reasonable jury could have found from the evidence that defendant acted with premeditation when she shot the victim and then delayed reporting the victim's death to make sure he was dead.

> There was sufficient evidence of premeditation and deliberation to submit the first-degree murder charge to the jury.

*Owens*, 2010 WL 1565566 at *3-4.

According the state court's factual determinations a presumption of correctness, the Court holds that the state court's decision that sufficient evidence was presented to support submission of the first-degree premeditated murder charge to the fact finder was not an unreasonable application of Supreme Court precedent. Thus, Petitioner's claim is meritless.

### B. Prosecutorial Misconduct Claim

Petitioner next argues that the prosecutor committed misconduct by improperly appealing to the jury's sense of civic duty. Specifically, Petitioner objects to the following portion of the prosecutor's closing argument:

> And I would caution you, ladies and gentlemen, seriously caution you; beware of the false claim of domestic violence. That's something to be taken very seriously. Because when somebody comes in and makes a claim of domestic violence that did not happen, they're minimizing the ones that are really telling the truth. That's what she's doing. She's trying to hitch her wagon to that train and ride it all the way out of here.
>
> Ladies and gentlemen, it's your job to make sure she doesn't do that because you know beyond a reasonable doubt that yes, she was the one that killed [the victim]. Yes, she did it under circumstances that were not self-defense. And yes, she did it under circumstances that indicate, based on all the evidence, based on the cluster of three wounds to the body, one to the head[,] that she intended this to happen.
>
> I don't know why. I wish I could tell you. But you took an oath to follow the law. And the law says that I don't have to tell you why. I can't tell you why. I wish I could. I really do. But you don't need to know why something happened in order to say that it did.

Tr., 9/8/2008 at 23-24.

The Michigan Court of Appeals held that the prosecutor's argument was not improper. The court reasoned that the prosecutor argued that, based upon the evidence presented and reasonable

11

inferences drawn therefore, the events did not unfold as Petitioner claimed they did. And, that Petitioner's claim of domestic violence was not supported by the evidence. *Owens*, 2010 WL 1565566 at *5.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, __ U.S.__, 132 S. Ct. 2148, 2153 (June 11, 2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). This Court must ask whether the trial court's (the last state court to address the merits) decision denying Petitioner's prosecutorial misconduct claims "'was so lacking in justification that there was an error well understood an comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* at 2155, (quoting *Harrington*, 562 U.S. at __, 131 S. Ct. at 786-87).

A prosecutor's appeal to the jury to act as the community conscience is not *per se* impermissible, "[u]nless calculated to incite the passions and prejudices of the jurors." *Byrd v. Collins*, 209 F.3d 486, 539 (6th Cir. 2000)(quoting *United States v. Solivan*, 937 F.2d 1146, 1151 (6th Cir. 1991)). Read in context, the prosecutor's remarks in this case, were not intended to appeal to the jury's fear or to incite prejudice in the jury. The prosecutor's remarks could fairly be read as an attempt to explain that the prosecutor was not discounting claims of domestic violence, only arguing that those claims were not supported in this case. Further, the trial court instructed the jury to base their decision only on the evidence and the law, not on their sympathies or prejudices. *See Hatchett v. Rapelje*, 2012 WL 529916, *4 (E.D. Mich. Feb. 17, 2012) (holding that jury instruction

advising jurors they were required to decide facts on basis of properly admitted evidence mitigated prosecutor's civic duty argument). The Court finds that the Michigan Court of Appeals' decision that the prosecutor's argument did not amount to prosecutorial misconduct was neither contrary to nor an unreasonable application of clearly established federal law.

### C. Ineffective Assistance of Counsel Claim

Petitioner next claims that her trial attorney was ineffective in failing to introduce her entire statement under Michigan Rule of Evidence 106, the "rule of completeness." When Petitioner entered the police station to report the shooting, Police Officer Phyllis Smith was stationed at the front desk. Officer Smith testified that, when Petitioner entered the police station, she was disoriented, distraught, and crying. The trial court sustained the prosecution's objections to defense counsel's attempts to elicit testimony from Officer Smith about what Petitioner said to her. On cross-examination of Petitioner, the prosecutor questioned Petitioner about portions of the statement she made to Officer Smith. Petitioner argues that counsel should have moved to recall Officer Smith for admission of Petitioner's complete statement, which, Petitioner argues would have allowed for a fairer explanation of her actions.

To establish that she received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

The Michigan Court of Appeals held that Mich. R. Evid. 106 applies only to written or recorded statements, not oral ones. The state court held, therefore, that counsel was not ineffective in failing to seek admission of Petitioner's statement to Officer Smith where such an argument would have been futile. Counsel cannot be deemed ineffective for failing to raise a meritless objection. *See Bradley v. Birkett*, 192 Fed. App'x 468, 475 (6th Cir. 2006). Therefore, the state court's opinion was not an unreasonable application of *Strickland*.

### D. Cumulative Effect of Alleged Errors

Finally, Petitioner claims that the cumulative effect of the alleged errors rendered her trial fundamentally unfair in violation of due process. The cumulative weight of alleged constitutional trial errors in a state criminal proceeding does not warrant federal habeas relief because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011); *Moore v.*

14

*Parker*, 425 F.3d 250, 256 (6th Cir. 2005). Therefore, habeas relief is denied on this claim.

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## VI. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

                                              S/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

DATE: August 28, 2013